UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVETTE N. WILLIAMS,

    Plaintiff,

v.                                                Case No.: 8:22-cv-2747-SCB-JSS

GRAND CANYON UNIVERSITY, INC.
a/k/a GRAND CANYON EDUCATION, INC.
d/b/a GRAND CANYON UNIVERSITY,

    Defendant.
_____/

## ORDER TO SHOW CAUSE

This case is before the Court *sua sponte*. On December 2, 2022, Plaintiff Marvette N. Williams filed a complaint for breach of contract and violation of the Florida Deceptive and Unfair Trade Practices Act. In the complaint, Plaintiff asserts that this Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. (Doc. 1). However, upon review of the complaint, the Court finds that Plaintiff fails to allege sufficient facts to establish subject matter jurisdiction based on diversity. As such, Plaintiff must show cause why this action should not be dismissed for lack of subject matter jurisdiction.

A federal court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). District courts have subject matter jurisdiction over civil actions between citizens of different states

where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A complaint invoking diversity jurisdiction must include allegations of the parties' citizenship so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (a complaint must affirmatively allege facts demonstrating the parties' citizenship to establish diversity). The party invoking federal jurisdiction bears the burden of establishing, by a preponderance of the evidence, that diversity exists. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiff does not sufficiently allege the parties' citizenship.[1] A natural person's citizenship is determined by his or her "domicile," and a person's domicile includes both residence in a state as well as an intention to remain there indefinitely or to return there whenever absent.[2] *Id.* at 1257-58. In the complaint, Plaintiff alleges that she is a resident of Hillsborough County, Florida. (Doc. 1, ¶ 2). Plaintiff's residence, however, is not enough to establish her citizenship. *See*

---

[1] Plaintiff alleges that the amount in controversy exceeds $75,000. (Doc. 1, ¶ 2).

[2] "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick*, 293 F.3d at 1257.

*Taylor*, 30 F.3d at 1367 (citizenship, not residence, is the key fact that must be alleged in the complaint to establish an individual's diversity); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (residence alone does not establish diversity). As for Defendant's citizenship, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In the complaint, Plaintiff alleges that Defendant "is a corporation whose *principal office* is located in Arizona." (Doc. 1, ¶ 3) (emphasis added). Plaintiff, however, does not allege facts demonstrating that Arizona is Defendant's "principal place of business.[3] Nor does Plaintiff allege Defendant's state of incorporation.

In sum, Plaintiff has failed to provide the Court with sufficient information as to the parties' citizenship and the Court cannot determine if diversity of citizenship exists. Accordingly, it is hereby **ORDERED**:

(1) Plaintiff is directed to **SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction.

(2) Plaintiff shall file a written response to this Order on or before **December 20, 2022**.

---

[3] A corporation's principal place of business is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities," also known as its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (quoting 28 U.S.C. § 1332(c)(1)). In practice, this normally is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id*. at 93.

(3) Plaintiff should also file an amended complaint on or before **December 20, 2022**, that cures the jurisdictional deficiencies noted herein.

(4) Failure to respond within the time provided will result in the dismissal of this action without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of December 2022.

_____
SUSAN C. BUCKLEW
United States District Judge